# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

MARGARITA RIOS,
J. O., a minor, and
E. S., a minor,

        Plaintiffs,

v.                                               Case No. 07-CV-1141

BUREAU OF MILWAUKEE CHILD WELFARE,
FRANK GAULT, SARA KELLY, SARAH BARTH,
MILWAUKEE CASA, SUSAN RAINES,
CAROL PETERSON, and MATHEW TORBENSON,

        Defendants.

_____

## ORDER

On December 21, 2007, pro se plaintiff Margarita Rios filed a complaint on behalf of herself and her children seeking monetary damages and a court order declaring them "to be removed from any and all jurisdiction of Milwaukee Child Welfare System." (Compl. 8.) In connection with her complaint, the plaintiff filed a motion to proceed in forma pauperis.

Title 28 U.S.C. § 1915 is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action and still be able to provide for "the necessities of life." *Adkins*, 335 U.S. 331, 339 (1948).

The plaintiff's petition for leave to proceed in forma pauperis indicates that the plaintiff is currently unemployed, does not own a residence, automobile or other valuable property, and has savings in the amount of $10. The plaintiff's petition also indicates that her total monthly income amounts to $692 in unemployment compensation and her expenses range from approximately $500 to $870. Thus, according to the petition, the plaintiff is unable to pay the $350 filing fee in this action without undue hardship or deprivation of life's necessities. *See Adkins*, 335 U.S. at 339. Accordingly, the court concludes that the plaintiff has demonstrated the requisite financial need to proceed in forma pauperis.

The plaintiff next must demonstrate that her action has merit as required by 28 U.S.C. § 1915(e)(2)(B). The U.S. Supreme Court in *Neitzke* noted that a litigant proceeding in forma pauperis whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke*, 490 U.S. at 324. To prevent such abusive or captious litigation, 28 U.S.C. § 1915(e)(2)(B) directs federal courts to analyze the claims advanced in the plaintiff's complaint and dismiss them if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* at 324; 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The federal in forma pauperis statue, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also

-2-

Case 2:07-cv-01141-JPS   Filed 01/11/08   Page 2 of 4   Document 3

the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993).

The standard of review for failure to state a claim under § 1915(e)(2)(B)(ii) is the same standard used when reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). In determining whether a plaintiff's complaint fails to state a claim, a court assumes that the plaintiff's factual allegations are true and draws all reasonable inferences in the plaintiff's favor. *See Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In the instant case, the plaintiff alleges that she has been denied the right to have supervised visits with her daughter. It appears the plaintiff seeks to challenge the rulings in a case currently pending before the Circuit Court of Milwaukee County. *See State of Wisconsin v. Margarita Rios*, Case No. 2007CF005571 (Milwaukee Co. Cir. Court Nov. 17, 2007). Therefore, under the *Rooker-Feldman* doctrine, the court lacks subject matter jurisdiction over the plaintiff's claims.

The *Rooker-Feldman* doctrine is named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S.

-3-

462 (1983). The doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Here, given that the injury underlying the plaintiff's federal complaint was caused by a state court decision, the plaintiff's complaint falls within the scope of the *Rooker-Feldman* doctrine. Accordingly, the court lacks subject matter jurisdiction over the plaintiff's claims and the court is obliged to deny the plaintiff's motion to proceed in forma pauperis.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED** without prejudice.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge